UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LENORA GUERRERO-SMITH, <br><br> Plaintiff, <br><br> v. <br><br> HILDA L. SOLIS, <br> Secretary, U.S. Department of Labor, <br><br> Defendant. | Civil Action No. 12-0228 (BJR) <br><br> MEMORANDUM OPINION |

**MEMORANDUM OPINION GRANTING IN PART AND FINDING MOOT IN PART DEFENDANT'S MOTION TO DISMISS [11]**

**I. INTRODUCTION**

Before the Court is Defendant Secretary of Labor's Motion to Dismiss [11]. Upon consideration of the parties' arguments, the relevant case law, and the entire record, the Court grants in part and finds moot in part Defendant's Motion to Dismiss.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Lenora Guerrero-Smith originally filed her petition for a writ of mandamus on February 9, 2012. Plaintiff sought to compel Defendant "to perform mandatory duties owed to Plaintiff arising under the Federal Employees Compensation Act," ("FECA"), 5 U.S.C. § 8101, *et seq.* Plaintiff sought to compel Defendant to act on two "open and accepted" Office of Workers' Compensation Program ("OWCP") claims. Further, Plaintiff sought an "accounting of the OWCP's benefit payments to Plaintiff, such that Plaintiff may know the data that has been used to calculate her payments to determine correctness," and injunctive relief to compel Defendant to "[p]rocess any future OWCP payment paperwork in a timely fashion."

On August 12, 2013, the parties filed a joint status report. In said report, Plaintiff indicated that Defendant had awarded Plaintiff payment under FECA as related to her workers' compensation claims. As such, the only unresolved issues before the Court are Plaintiff's claim for injunctive relief as well as Plaintiff's claim to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).

### III. Defendant's Motion to Dismiss [11]

#### A. Plaintiff's Claims Regarding Workers' Compensation Benefits are Moot

As noted above and as acknowledged by Plaintiff in the joint status report, all claims by Plaintiff as to unpaid workers' compensation benefits have been resolved in her favor. As such, Plaintiff's claims against Defendant with respect to these benefits are moot, and Defendant's motion to dismiss with respect to these claims is moot.

#### B. The Court has Jurisdiction to Consider Plaintiff's Remaining Claims

Defendant argues in her motion to dismiss that this Court lacks jurisdiction over all of Plaintiff's claims because "Congress has foreclosed judicial review" "for matters arising within the scope of FECA." Def.'s Mot. at 7. 5 U.S.C. § 8128(b) establishes that "[t]he action of the Secretary . . . in allowing or denying a payment under this subchapter is . . . not subject to review by another official of the United States or by a court by mandamus or otherwise." However, this does not preclude *all* judicial review of issues "arising within the scope of FECA." Courts have exercised jurisdiction over claims where "[t]he conduct of the Secretary that [the plaintiff] challenges . . . is not the 'allowing or denying [of] a payment,' but rather the manner in which his claim was decided." *Rodrigues v. Donovan*, 769 F.3d 1344, 1347-48 (9th Cir. 1985); *see also Gilmore v. U.S. Dep't of Labor*, 1993 WL 89050, at *1 (D.C. Cir. Feb. 10, 1993) (finding that, while review of Secretary's substantive decision is foreclosed by FECA, a plaintiff's

constitutional claims can be heard by the district court). Here, Plaintiff stated in her petition for a writ of mandamus that she was "not challenging the merits of any [workers' compensation] decision, but rather the failure . . . to provide Plaintiff with procedural due process . . . ." Pl.'s Pet. at 4.

Accordingly, the Court is satisfied that is has jurisdiction to consider Plaintiff's claims.

### C. Injunctive Relief

Plaintiff argues that, while her workers' compensation claims against Defendant have been resolved, this case is not moot because there is a reasonable likelihood that the alleged wrong (in this case, delay in processing Plaintiff's workers' compensation claims) will reoccur. "Article III of the Constitution restricts the federal courts to deciding only 'actual, ongoing controversies.'" *Nat'l Black Police Ass'n v. D.C.*, 108 F.3d 346, 349 (D.C. Cir. 1997) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). "Even where litigation poses a live controversy when filed . . . [a] court [must] refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Nat'l Black Police Ass'n*, 108 F.3d at 349 (quoting *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990)). In cases where a plaintiff seeks injunctive relief, the plaintiff must allege some likelihood of future injury. *See City of Los Angeles v. Lyons*, 461 US. 95, 105-06 (1983).

Here, Plaintiff makes only the barest of allegations of future injury, stating that "in all likelihood, DOL will continue to fail to respond to requests and correspondences." The Court is not persuaded by Plaintiff's argument. Plaintiff alleges, without evidence of a particular policy or practice on the part of Defendant, that Defendant may not respond to hypothetical future workers' compensation claims in a timely manner. Such an allegation is far too speculative to

3

establish a risk of future harm sufficient to preserve a live case or controversy. As such, Defendant's motion to dismiss is granted with respect to Plaintiff's request for injunctive relief.

### D. Attorney's Fees

Plaintiff also requests attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). The EAJA establishes that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Defendant argues that Plaintiff is not a "prevailing party" because the Court has not ruled in Plaintiff's favor. Plaintiff argues in response that Defendant's action in acting upon Plaintiff's workers' compensation claims was in response to Plaintiff's lawsuit, and as such, Plaintiff has "prevailed."

"A party has 'prevailed' if (1) the party received a significant part of the relief it sought; and (2) the lawsuit was a catalytic, necessary or substantial factors, *see Tucson Medical Center v. Sullivan*, 947 F.2d 971, 982 (D.C. Cir. 1991), in obtaining that result. '[T]he claimant must show that it is more probable than not that the government would not have performed the desired act absent the lawsuit.' *Public Citizen Health Research Group v. Young*, 909 F.2d 546, 550 (D.C. Cir. 1990)." *Maduka v. Meissner*, 114 F.3d 1240, 1241 (D.C. Cir. 1997) (insertions in original).

While Plaintiff has requested attorney's fees, Plaintiff has not addressed or briefed the standard discussed above. Should Plaintiff wish to pursue attorney's fees, she may file a motion for attorney's fees no later than February 7, 2014. The Court will retain jurisdiction to consider said motion.

## IV. Conclusion

An order consistent with this memorandum opinion will issue separately.

Signed on January 23, 2014.

_Barbara J. Rothstein_

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE